COLLOTON, Circuit Judge,
with whom LOKEN, Chief Judge, joins, concurring.
While I appreciate the frustration of the bankruptcy court at the trustee’s approach to this litigation, and the district court’s skepticism of an amended complaint that includes no allegation that Senior Cottages would have remained solvent absent the transfer of assets caused by Murray Klane, I conclude that the rules applicable to trustee standing, motions to amend, and motions to dismiss do require that we reverse the judgment of the district court. I therefore concur in Judge Gibson’s opinion for the court, with two additional observations.
First, one statement in our opinion — “to recover damages, the trustee will eventually have to prove the amount by which the fair market value of the assets and the cash transferred to Millennium exceeded the value of the debt Millennium assumed,” ante, at 1005 — presupposes that there was indeed a market for the assets in which Senior Cottages could have sold them before the corporation filed for bankruptcy. The amended complaint alleges that the low-income housing tax credits *1008 were valuable assets that were transferable by Senior Cottages, presumably to investors who would provide equity for the low-income housing projects to be undertaken by Senior Cottages. See Jeanne L. Peterson, The Low-Income Housing Tax Credit, 73 Mich. B.J. 1154, 1157 (1994); National Association of Housing and Redevelopment Officials, Resources for Affordable Housing, Low-Income Housing Tax Credits (2000), http://www.nahro.org/home/ resource/credit.html (last visited Mar. 22, 2007). Although there is no allegation in the complaint that Senior Cottages would have remained solvent absent the transfer of assets by Klane, it is at least theoretically possible that the assets could have been transferred by Senior Cottages for valuable consideration before it filed for bankruptcy. This is why the trustee has standing to bring this action. But to move the matter beyond theory, the trustee will have to prove that there was indeed a market for these tax credits and other assets, such that the corporation was actually damaged by Klane’s actions. If the assets were not transferable for substantial value as a practical matter, and if the tax credits were worthless to Senior Cottages itself because the corporation was insolvent and destined for bankruptcy, then the trustee will have suffered little or no damage as a result of the asset-stripping.
Second, although the district court dismissed this action based on the trustee’s perceived lack of standing, the bankruptcy court based its order of dismissal on the doctrine of in pari delicto. In this court, the appellees disclaimed reliance on the in pari delicto doctrine as a ground for affirming the judgment of the district court. Because the defense was not briefed or argued, I concur with Judge Gibson that we should not consider the matter sua sponte. On remand, however, the district court should remain free in the first instance to entertain argument from Morris concerning the merits of the bankruptcy court’s ruling, or Morris may wish to consider developing the defense further on remand from the district court to the bankruptcy court. We have held that the equitable defense of in pari delicto is available in an action by a bankruptcy trustee if the defense could have been raised against the debtor, and it may be successful where the alleged wrongdoing was undertaken by an agent of the debtor who was the “sole actor” for the debtor during the period of the wrongdoing. Grassmueck v. Am. Shorthorn Ass’n, 402 F.3d 833, 837-41 (8th Cir.2005). The amended complaint alleges that “Klane, at all relevant points in time, was in complete control of the daily operations of both SCA and SCM,” (App. at A71), but the parties have not addressed on appeal how this allegation relates to the defense of in pari delicto. Consequently, we have not heard from Morris or the trustee about whether the roles of other actors in the corporation would defeat application of the “sole actor” doctrine, or whether the defense otherwise faces insurmountable “difficulties on the pleaded facts of this case.” Ante, at 1005.
With these observations, I join the opinion of the court.